### GOWEN et al. v. ARNOLD.

Court of Customs and Patent Appeals.
January 27, 1930.

Patent Appeal No. 2147.

Samuel E. Darby, Jr., of New York City (C. M. Thomas and F. D. Thomas, both of Washington, D. C., of counsel), for appellants.

J. G. Roberts, of New York City, and C. E. Tullar and H. E. Durham, both of Schenectady (Irving MacDonald, of New York City, of counsel), for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge. This is an appeal in an interference proceeding from the decision of the Board of Appeals, affirming the decision of the Examiner of Interferences, awarding priority of invention to Harold D. Arnold.

The alleged invention relates to certain structural improvements in vacuum tubes or audions. The count in issue reads as follows:

"An electron discharge device comprising a stem, cathode, anode and grid electrodes having their longitudinal axes substantially parallel to said stem, a support for said electrodes comprising a plurality of metallic upright members arising from said stem, and lead in wires through said stem for said electrodes."

It appears from the record that the application of Knoop and Cioffi, filed on May 12, 1919, matured into patent No. 296,331, on May 29, 1923. The application of Gowen and Bradford was filed on April 3, 1919. The count in issue—claim 17 in the patent issued to Knoop and Cioffi—was copied by Gowen and Bradford on July 11, 1923. The interference as originally declared was, therefore, between Knoop and Cioffi and Gowen and Bradford. Knoop and Cioffi were the junior parties.

Knoop and Cioffi filed two motions: One, to dissolve the interference on the ground that Gowen and Bradford had no right to make the claim in issue; and the other, to reform the interference, by adding the application of Arnold. Both motions were overruled by the Law Examiner. Thereupon, Knoop and Cioffi appealed to the Examiners in Chief from the decision of the law examiner, refusing to reform the interference by adding the application of Arnold. The Examiners in Chief reversed the decision of the law examiner, and, on appeal by Gowen and Bradford, the decision of the Examiners in Chief was affirmed by the Commissioner of Patents. Thereupon the interference was reformed to include Arnold's application, a division of his application filed November 2, 1915, and also the application, a division of an application filed October 28, 1920, of William C. White. Arnold was the senior party.

It appears from their preliminary statements that the junior parties conceived the invention subsequent to the filing date of Arnold's application. Accordingly, on December 6, 1926, the junior parties to the interference having failed to show any reason why judgment should not be entered on the record in favor of the senior party, Arnold, the Examiner of Interferences awarded priority of invention to Arnold. On appeals by Gowen and Bradford, and by White, the decision of the Examiner of Interferences was affirmed by the Board of Appeals.

It appears from the record that the Western Electric Company is the owner of both the Arnold application and the Knoop and Cioffi patent, and that the De Forest Radio Company is the owner of the Gowen and Bradford application. The sole issue in the case involves a question of law.

It is claimed by counsel for appellants that the tribunals of the Patent Office erred in permitting the application of Arnold to be included in the interference. This contention rests upon the proposition that the common assignee, the Western Electric Company, is estopped from claiming a patent for the invention in issue on the application of Arnold, in view of the fact that the invention has been patented to the Western Electric Company's assignors, Knoop and Cioffi. This precise issue was considered and decided by this court in the case of Robert F. Gowen v. William F. Hendry and Robert W. King (Suit No. 2216, Interference No. 50818) 37 F.(2d) 426, decided concurrently herewith. It was there held that the jurisdiction of this court in interference cases did not extend to questions involving the patentability of alleged inventions, but was limited to the question of priority of invention and matters ancillary thereto.

It appears from the record that Arnold's filing date is prior to the date for conception alleged in the preliminary statements of the junior parties to the interference. The decision of the Board of Appeals is therefore affirmed.

Affirmed.